# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| STACY HOOTON | § |
| | § Civil Action No. 4:16-CV-392 |
| v. | § (Judge Mazzant/Judge Nowak) |
| | § |
| COMMISSIONER, SSA | § |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On August 17, 2017, the report of the Magistrate Judge (Dkt. #26) was entered containing proposed findings of fact and recommendations that the final decision of the Commissioner of Social Security ("Commissioner") be remanded for further consideration because the Administrative Law Judge ("ALJ") did not give adequate consideration to the findings of the state agency physicians in determining Plaintiff's residual functioning capacity ("RFC") (Dkt. #26). Having received the report of the Magistrate Judge (Dkt. #26), having considered Plaintiff Stacy Hooton's ("Plaintiff") timely filed objections ("Objections") (Dkt. #27), and having conducted a de novo review of Plaintiff's claims and all relevant pleadings, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the Court hereby adopts the Magistrate Judge's report (Dkt. #26) as the findings and conclusions of the Court.

## BACKGROUND

The facts in this case originate from an appeal of the Commissioner's decision in a social security disability insurance case. The facts in this case have been set forth in detail by the Magistrate Judge, and need not be duplicated in their entirety herein (*see* Dkt. #26). In summary,

on September 20, 2012, Plaintiff filed an application for disability and disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act") alleging an onset disability date of June 17, 2011 (TR 205-208). On October 26, 2012, Plaintiff filed an amended application for DIB and an application for supplemental security income benefits ("SSI") under Title II and XVI of the Act, alleging an onset of disability date of March 23, 2011 (TR 209-17). Therein, Plaintiff alleged the following impairments: carpal tunnel syndrome, trigger finger, obesity, hiatal hernia, chronic obstructive pulmonary disease, depression, panic disorder with agoraphobia, irritable bowel syndrome, diabetes mellitus, hypertension, Bell's palsy, gastroesophageal reflux disease, headaches, nasal allergies, and a remote history of drug abuse (TR 20).

Plaintiff's applications were initially denied by notice on April 5, 2013, and again on reconsideration, after which Plaintiff requested a hearing before an ALJ (TR 138-43, 146, 149-42, 153-54). On May 6, 2014, Plaintiff submitted a request to the ALJ for the issuance of a subpoena to State agency psychological consultants Charles Langford, Ph. D., and Nancy Wilson, Ph.D., ( the "non-examining physicians") to testify at the administrative hearing schedule for June 17, 2014, and/or for the ALJ to submit written interrogatories to the non-examining physicians (TR 282-353). Drs. Langford and Wilson never examined or treated Plaintiff, but did review Plaintiff's evidence in April and July of 2013, and offered opinions on Plaintiff's RFC (TR 89-90, 93-94, 114-115, 117-119). On May 29, 2014, the ALJ denied Plaintiff's request for a subpoena or written interrogatories, noting that the right to cross-examine a physician exists only for examining physicians and psychologists (TR 365-66).

The ALJ conducted a hearing on June 17, 2014, where Plaintiff was represented by counsel (TR 37-85). On January 28, 2015, the ALJ issued an unfavorable decision, denying benefits, and finding Plaintiff not disabled at Step Five of the prescribed sequential evaluation process (TR 14-

36).  The Appeals Council granted Plaintiff's request for review and on April 15, 2016, issued a partially favorable decision finding Plaintiff disabled as of September 29, 2014 (TR 4, 7).  But aside from the ALJ's determination of Plaintiff's disability status, the Appeals Council adopted the ALJ's findings of fact and conclusions of law (TR 4).

On June 14, 2016, Plaintiff filed her Complaint in this Court (Dkt. #1). On January 17, 2017, Plaintiff filed her Brief (Dkt. #13), and the Commissioner filed its Brief on May 17, 2017 (Dkt. #22).  On August 17, 2017, the Magistrate Judge issued a Report and Recommendation (Dkt. #26).  And, on August 31, 2017, Plaintiff filed her Objections to the Report and Recommendation of the Magistrate Judge (Dkt. #27).

## PLAINTIFF'S OBJECTIONS

Under the law, a party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b)(2)-(3). Plaintiff agrees with the Magistrate Judge's finding at Step Five that the ALJ's RFC finding was not supported by substantial evidence and that this matter should be remanded (Dkt. #27 at 1). Plaintiff's sole objection centers on Plaintiff's rights related to the non-examining physicians.  As such, the Court adopts the finding and conclusion of the Magistrate Judge that the matter should be remanded as the finding and conclusion of the Court.  With respect to Plaintiff's objections, Plaintiff specifically argues that (1) she has a right to subpoena non-examining physicians; (2) that the ALJ gave insufficient reasons for denying the interrogatories submitted to these physicians; (3) that in light of forthcoming regulation, any deprivation of her alleged right to subpoena and/or submit interrogatories to non-examining physicians erodes a crucial procedural safeguard; and (4) that the these alleged errors affected the fundamental fairness of the hearing (Dkt. #27).

*Objection #1: Whether Plaintiff has the Right to Subpoena the Non-examining Physicians*

Plaintiff asserts that neither the SSA nor its regulations limit a claimant's right to subpoena non-examining physicians (Dkt. #27 at 3). Plaintiff's objection, thus, reiterates the argument previously asserted in her reply brief that claimants have the right to subpoena non-examining physicians (Dkt. #27 at 2-3). Plaintiff specifically argues that the only reason prior case law has not allowed claimants to subpoena non-examining physicians is that those claimants did not exercise this purported right. (Dkt. #27 at 3). Plaintiff further argues that a proper reading of *Richardson v. Perales*, proves this point (Dkt. 27 at 2); 402 U.S. 389, 404-05 (1971). In pertinent part, the portion of *Perales* Plaintiff refers to states that, "This inaction on the claimant's part supports the Court of Appeals' view . . . that the claimant as a consequence is to be precluded from now complaining that he was denied the rights of confrontation and cross-examination." 402 U.S. 404.

Plaintiff correctly asserts that *Perales* provides claimants with an unqualified right to subpoena examining physicians for cross-examination but the Fifth Circuit has not held that claimants have a right to subpoena non-examining physicians (Dkt. #26 at 15); *Lidy v. Sullivan*, 911 F.2d 1075, 1077 (5th Cir. 1990) ("The Secretary argues, first, that *Perales* addresses the scenario of a *non-examining* physician . . . [h]owever, the passage from *Perales* that we have quoted, *supra,* plainly refers to *examining* physicians. Hence, this argument by the Secretary is without merit."). Moreover, the Northern District of Texas has previously considered this issue and found, in agreement with courts, that no right exists for claimants to subpoena non-examining physicians. *See Carroll v. Massanari*, CIV. A. 500CV0267C, 2001 WL 406227, at *4 (N.D. Tex. Apr. 17, 2001), *report and recommendation adopted*, CIV. A. 500CV267C, 2001 WL 506979 (N.D. Tex. May 10, 2001) (finding that *Lidy* provides no right for a claimant to subpoena a non-

examining physician); *Muldner v. Comm'r of Soc. Sec. Admin.*, CV-16-01652-PHX-JAT, 2017 WL 2644454, at *4 (D. Ariz. June 20, 2017) (finding ALJ did not err in refusing claimant's request to subpoena non-examining physician because claimant did not demonstrate the relevance of the testimony sought); *Daywalt v. Colvin*, 15-396, 2015 WL 5883743, at *1-2 (W.D. Pa. Oct. 8, 2015) (finding no right for claimant to subpoena non-examining physicians); *Lopez v. Chater*, 8 F. Supp. 2d 152, 156 (D.P.R. 1998) (finding ALJ's denial of claimant's request to subpoena non-examining physician did not violate claimant's due process rights). Plaintiff attempted to differentiate *Carroll* from the present case, arguing that the *Carroll* court refused the claimant's request because the interrogatories were repetitive and unnecessary for the full presentation of the case (Dkt. #25 at 6); 2001 WL 406227 at *4. The Magistrate Judge addressed this alleged distinction in its Report and Recommendation and noted that the *Carroll* court found the interrogatories requested to be repetitive and unnecessary only after determining that Carroll was not entitled to subpoena non-examining physicians (Dkt. #26 at 16).

Nonetheless, Plaintiff argues—citing no authority for such position—that she should have been afforded the opportunity to subpoena these non-examining physicians because their testimony was necessary for the full presentation of the case (Dkt. 27 at 4). Agency regulations state that when a claimant requests a subpoena, they must "state the important facts that the witness or document is expected to prove; and indicate why these facts could not be proven without issuing a subpoena." *See* 20 C.F.R. §§ 404.950(d), 416.1450(d). The regulations also state that the ALJ may issue a subpoena, "[w]hen it is reasonably necessary for the full presentation of a case." *Id*. Plaintiff argues that these subpoenas were necessary because (1) excessive deference was afforded to the opinions of the non-examining physicians, and (2) incorrect assumptions were made

regarding the time the non-examining physicians spent reviewing Plaintiff's files (Dkt. #27 at 5). As Plaintiff puts it:

> If Drs. Langford and Wilson worked a normal 40 hour workweek, but reviewed 200 or more files in a week—that would call into question whether they spent sufficient time reviewing the evidence. If another person (who may or may not be a doctor) completed the form before they reviewed the filed—that would call into question whether the opinion would qualify as a medical opinion.

(Dkt. #27 at 5). But, the findings of state agency psychological consultants are to be regarded as expert opinion evidence, thus, there is no reason to believe the findings of the non-examining physicians were afforded an undue amount of deference. 20 C.F.R. §§ 404.1527(e)(2)(i), 416.927(e)(2)(i); SSR 96-6p, 1996 WL 374180, at *1-2. Furthermore, to reiterate, the Court is aware of and Plaintiff cites no authority establishing or suggesting that the time a non-examining physician spends reviewing a claimant's file or the manner in which the relevant forms are completed is relevant to or "reasonably necessary for the full presentation of a case." *See* 20 C.F.R. §§ 404.950(d), 416.1450(d). Accordingly, the Court declines to embrace Plaintiff's wholly speculative argument regarding the procedure of Drs. Langford and Wilson's examinations and overrules Plaintiff's first objection.

***Objection #2: Whether the ALJ Gave Insufficient Reasons for Denying the Interrogatories***

In her next objection, Plaintiff argues that the ALJ gave insufficient reasons for denying her request to submit interrogatories to the non-examining physicians in this case (Dkt. #27 at 4-5). In support of this position, Plaintiff asserts that "the agency must examine the relevant data and articulate a satisfactory explanation for its action including a 'rational connection between the facts found and the choice made.'" (Dkt. # 13 at 15); *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) (quoting *Burlington Truck Lines v. United States*, 371 U.S. 156, 168 (1962)). But the authority cited is inapplicable in the social security

context and Plaintiff does not cite any case or regulation instructing an ALJ to provide a rationale for the denial of requested interrogatories. Moreover, Plaintiff cites no case where the time an examining physician spent on a case proved relevant to the case's outcome. Accordingly, Plaintiff's second objection is denied.

*Objection #3: Whether the Magistrate Judge Diminished Claimants' Procedural Safeguards*

In her third objection, Plaintiff warns that if the Magistrate Judge declines to allow her to submit interrogatories to the non-examining physicians, then the Magistrate Judge will in effect carve out an exception "inconsistent with American jurisprudence" (Dkt. #27 at 6). Plaintiff argues that a forthcoming regulation which declines to afford controlling weight to any medical opinions, makes it ever more important for claimants to be able to scrutinize how examining physicians arrive at their conclusions (Dkt. #27 at 6); 20 C.F.R. § 404.1520c(a) ("[w]e will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources.").

The Court notes that the effects Plaintiff warns of are, once again, speculative. Plaintiff cites no authority suggesting that in light of this forthcoming regulation, any reviewing authority should allow claimants increased opportunity to challenge the findings of non-examining physicians. Accordingly, Plaintiff's third objection is denied.

*Objection 4: Whether the Alleged Errors Affected the Hearing's Fundamental Fairness*

Finally, Plaintiff complains that the aforementioned alleged errors affected the fundamental fairness of the hearing (Dkt. #27 at 7). Having found no error in the ALJ's refusal to allow Plaintiff to subpoena the non-examining physicians, the ALJ's refusal to allow Plaintiff to serve interrogatories upon the non-examining physician, and finding no erosion of the procedural

safeguards afforded claimants, the Court rejects Plaintiff's argument regarding the fundamental fairness of the hearing. Accordingly, Plaintiff's final objection is overruled.

## CONCLUSION

Having received the report of the United States Magistrate Judge (Dkt. #26), having considered Plaintiffs' timely filed Objections (Dkt. #27), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #26) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that the decision of the Administrative Law Judge is **REMANDED**.

**IT IS SO ORDERED.**
SIGNED this 15th day of September, 2017.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE